UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| STEVEN DOMBROWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>VITAL RECOVERY SERVICES, LLC,<br><br>        Defendant. | Case No.: 17-cv-497<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Steven Dombrowski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Vital Recovery Services, LLC ("VRS") is a debt collection agency with its principal place of business located at 3795 Data Dr Ste 200, Peachtree Corners, GA 30092.

6. VRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. VRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. VRS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 6, 2017, VRS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Lending Club Corporation" and originally owed to "WebBank." A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was allegedly incurred for personal, family or household purposes, namely a Webbank personal loan, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

12. Exhibit A is the first written communication Defendant sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

2

consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

14. Text on Exhibit A identifies the "Current Creditor" of the account as "LendingClub Corporation" and the "Original Creditor" as "WebBank."

15. However, Exhibit A also contains the following text:

> Vital Recovery Services, LLC is now servicing the LOAN account noted to the right that is held by LendingClub Corporation & LC Trust I. This account was serviced by Lending Club and they have placed it with us for collections.

16. Exhibit A is false, misleading, contradictory and confusing to the unsophisticated consumer, in that it identifies LendingClub Corporation as the "creditor" in one place, but also specifically states both that: "This account was serviced by LendingClub and they have placed it with us for collections," and that the account "is held by LendingClub Corporation & LC Trust I" in another place on the same letter.

17. Exhibit A also states:



Mail check or money order payable to Vital Recovery Services, LLC

18. The unsophisticated consumer would be confused by the contradictory statements and implications as to who the actual creditor is.

19. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace,*

3

*LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

20. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Defendant's misrepresentation and confusion of the current creditor's identity is a material misstatement.

21. The unsophisticated consumer would not be able to determine who actually holds the debt from reading Exhibit A, which identifies four separate entities potentially seeking to collect the debt: VRS, LendingClub Corporation, LC Trust I and Webbank.

22. The unsophisticated consumer receiving Exhibit A would be unsure whether LendingClub one one of the other named entities was the actual current creditor because LendingClub's involvement with the account is referred to in the past tense, but it is simultaneously referred to as the current creditor.

23. Based upon Plaintiff's counsel's research and experience, the holder of the alleged debt is probably LC Trust I. If so, VRS's statement that the account "is held by LendingClub Corporation & LC Trust I" is false.

24. If LendingClub Corporation is only servicing the debt and does not have an ownership interest, it is not a "holder" of the account.

25. Further, Exhibit A instructs the unsophisticated consumer to make payments to VRS.

26. Confusing and misleading statements about the person or entity to whom the debt is owed falls squarely within the FDCPA's prohibition on misrepresenting "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(a).

4

27. If a consumer sent a check to the incorrect entity, the payment may not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

28. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

29. The FDCPA prohibits false and misleading statements in debt collection letters. 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.")

30. Plaintiff was confused by Exhibit A.

31. The unsophisticated consumer would be confused by Exhibit A.

32. Plaintiff had to spend time and money investigating Exhibit A.

33. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

34. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest

that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

36. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

37. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. Exhibit A contains false, misleading and contradictory statements of who the actual, current creditor is.

40. Exhibit A states that LendingClub is the current creditor but simultaneously states that the account "was" serviced by LendingClub. Exhibit A also states that payments should be made to VRS.

41. The unsophisticated consumer would be confused as to whether the debt was still owed to LendingClub.

42. The misstatement is material, in that the unsophisticated consumer would not be able to determine who actually holds the debt from reading Exhibit A and may mistakenly make a payment to the wrong entity.

43. The defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10) by making false, deceptive or misleading representations..

44. Defendant's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by VRS in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt allegedly owed to "LendingClub Corporation" and/or "LC Trust I," and (d) incurred for personal, family or household purposes, (e) between April 5, 2016 and April 5, 2017, inclusive, (f) that was not returned by the postal service.

46. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

47. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

48. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 5, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)

8

Case 2:17-cv-00497-LA   Filed 04/05/17   Page 8 of 9   Document 1

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com